## A. G. BIGELOW AND J. D. TAYLOR, PLAINTIFFS IN ERROR, vs. D. P. SUMMERS, DEFENDANT IN ERROR.

ESTABLISHING LOST PAPERS—Notes.

Under the provisions of Section 1, page 736, McClellan's Digest, (Section 5, Act of November 21st, 1829,) the Circuit Courts have power to establish copies of promissory notes or other written papers in lieu of the lost originals thereof.

Writ of Error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion.

*C. R. King* for Plaintiff in Error.

*W. M. Ives* for Defendant in Error.

TAYLOR, J.:

Drayton P. Summers, the defendant in error, on the 7th day of February, 1887, filed his petition in the Circuit Court of Columbia county, in the Third Judicial Circuit, under the provisions of Section 1, p. 736, McClellan's Digest, (Sec. 5, Act of November 21st, 1829,) praying the establishment of a copy of the following promissory note alleged to have been lost or mislaid, in lieu of such lost original, to-wit:

$800.00.            LAKE CITY, FLA., Dec. 7th, 1885.

"On the first day of December next, we, or either of us, promise to pay to D. P. Summers, or order, eight hundred dollars, with interest from date at fifteen (15 per cent.) *per cent. per annum* until paid.

"(Signed)                    A. G. BIGELOW,
                             J. D. TAYLOR."

Attest:

    H. M. SUMMERS,
    PAUL T. CHASTAIN.

The petition was sworn to, contained a copy of the note alleged to have been lost, and in other respects complied substantially with the requirements of the statute. Thirty days' notice of such application to the court, substantially as provided for by said act, was given to the makers of said note. To this petition a demurrer was interposed by the plaintiffs in error, A. G. Bigelow and J. D. Taylor, two grounds of which only is it necessary for us to notice, *viz.*:

"2d. The petition is not based upon any statute authorizing the re-establishment of a promissory note;

3d. The law does not authorize the re-establishment of a note when lost by the holder."

Upon the argument of this demurrer it was overruled by the court and an exception taken. James D. Taylor afterwards answered, the gist of the answer being "that he had reasons to believe that the original note alleged to have been lost was not in fact lost, but was in the hands of another party in South Carolina."

Afterwards, on the 19th of November, 1887, the matter came on for hearing at the Fall Term of said court and resulted in an order establishing the copy in lieu of the original lost note. From this order the said Bigelow and Taylor have brought the matter here upon writ of error.

The errors assigned are: 1st. That the court erred in overruling the demurrer interposed by the plaintiffs in error; 2nd. That the court erred in making the order re-establishing the copy in lieu of the lost original.

The whole contention of the plaintiffs in error is, that there is no law authorizing the establishment of a lost promissory note. With this position we cannot agree. The section of the statute above cited from McClellan's Digest expressly provide that "the Circuit Courts shall have power to establish copies of lost papers, deeds *or other writings*, in the following manner: If *any paper* be lost by an attorney or other officer of court after the commencement of an action thereon, it shall be the duty of the said attorney or other officer to file, upon oath a substantial copy," &c. "And if the said paper, deed *or other writing* be lost by *any person* before the commencement of any suit thereon, it shall be lawful for the person from whose possession the same was lost to give at least thirty day's notice in writing, accompanied with a substantial copy thereof, to the person who made or executed said paper, or is otherwise liable for the amount of the same, stating in said notice that the original is lost, and that it is his or her intention to

make application to the next term of the Circuit Court of the Circuit or county to establish a copy in lieu thereof; and if the said person shall file a substantial copy of said paper, on oath, with the clerk, (which oath shall also state that the original is lost or mislaid, so that the same is not within his knowledge, custody or control,) and shall make it appear to the court that the said notice has been regularly served; as is herein directed, it shall be the duty of the said court, if there be no cause shown to the contrary, to order that said copy be established in lieu of the original so lost or mislaid.'' We are clearly of the opinion that the comprehensive language of this statute includes promissory notes or any other written paper of value to be established. ' Without discussing them in detail we do not think that the proofs offered to the court in resistence to the application were sufficient to do away with the showing made by the applicant as to the fact of the loss and ownership of the note sought to be established; and we think the orders of the court below were proper, overruling the demurrer, and establishing the copy in lieu of the lost original.

The order from which the writ of error was taken is affirmed.